UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III, <br><br> Plaintiff, <br><br> v. <br><br> STU SHERMAN, <br><br> Defendant. | Case No. 1:16-cv-01312-EPG (PC) <br><br> ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY DOCTRINE OF *RES JUDICATA* <br><br> 30 DAY DEADLINE |

      Plaintiff Norman Gerald Daniels, III is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was denied access to the law library at his institution because Defendant Stu Sherman, the Warden of the institution, declined to make the accommodations Plaintiff requested to make the computers in the law library more accessible to visually-impaired inmates. The instant Complaint was filed on September 6, 2016.

      On January 10, 2013, however, Plaintiff filed a separate action that alleged that he was denied access to the law library at the same institution because defendant Kathleen Allison, the then-acting Warden of the institution, declined to make similar accommodations with respect to the computers in the law library. That case, *Daniels v. Allison*, Case No. 1:12-cv-00545-LJO-GSA, was dismissed with prejudice on February 21, 2014 and final judgment was entered against Plaintiff.

The doctrine of *res judicata*, or claim preclusion, bars Plaintiff from bringing the same claims against the same parties a second time in a new lawsuit.[1] *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).

Accordingly, Plaintiff is HEREBY ORDERED to show cause why this action should not be dismissed, with prejudice, as barred by the doctrine of *res judicata*. *Headwaters, Inc.*, 399 F.3d at 1054-55.

No later than **30 days** after the service date of this order, Plaintiff shall file a written response explaining why the dismissal of the prior action should not bar the current litigation.

IT IS SO ORDERED.

Dated: **October 17, 2016**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also notes that the statute of limitations which applies to Plaintiff's federal § 1983 claims is two years. Cal. Civ. Proc. Code § 335.1; *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). Plaintiff may have also been entitled to two additional years under the applicable tolling statute, if he is not serving a sentence of life without the possibility of parole. Cal. Civ. Proc. Code § 352.1.