UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN DANIELS, III,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STU SHERMAN,<br><br>　　　　Defendant. | Case No. 1:16-cv-01312-EPG-PC<br><br>ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME<br><br>(ECF No. 12) |

　　　　Plaintiff Norman Daniels, III, has filed a request for an extension of time to file a response to the Court's Order to Show Cause (ECF No. 9), as well as a request for clarification of the Order to Show Cause. The Order to Show Cause was issued on October 17, 2016 and this is Plaintiff's second request for an extension of time. As with the previous request for an extension of time, Plaintiff incorrectly filed his motion in a different case that Plaintiff is pursuing simultaneously, case no. 1:16-cv-01313-EPG-PC (the "1313 case"). Plaintiff's motion expresses confusion at the procedural posture of the two cases and requests an additional 90 days to respond to the Order to Show Cause.

　　　　As to Plaintiff's request for clarification, Plaintiff is currently pursuing two separate cases that appear to arise out of the same set of facts. The present case (the "1312 case") is the first of those cases and the 1313 case is the second of those cases. The 1313 case was originally assigned to Magistrate Judge Barbara A. McAuliffe. As explained in the Order to Show Cause,

the 1312 case appears to be substantially identical to a complaint that was filed by Plaintiff in 2012, case no. 1:12-cv-00545-LJO-GSA (the "545 case"). The 545 case was dismissed in 2014. Shortly after the Order to Show cause was issued in the 1312, the 1313 case was related to the present case—in other words, the 1313 case was reassigned to Magistrate Judge Erica P. Grosjean. Both the 1312 case and the 1313 case are still active cases and neither has been subsumed by the other. Both cases are currently in the screening process and the Court must determine whether they should be allowed to proceed.[1]

The Order to Show Cause requires Plaintiff to show cause why this case should not be dismissed based on the fact that the 545 case was dismissed. Generally, a "final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 (9th Cir. 2005).[2] Final judgment was entered in the 545 case. Thus, Plaintiff must explain why the 1312 case should not be barred from proceeding. As explained in the Order to Show Cause, Plaintiff should do this by filing a written response with the Court explaining why this doctrine does not apply. If Plaintiff determines that his case(s) should not proceed based on *res judicata*, he may also file a notice of voluntary dismissal of his case.

The Court is unwilling to grant the entire requested 90 day extension because Plaintiff has already received over two months of time to consider his response to the Order to Show Cause.

\\\
\\\

---

[1] A separate order to show cause has been issued in the 1313 case requiring the Plaintiff to show cause why the 1313 case should not be dismissed based on *res judicata*. Plaintiff must thus respond to two orders to show cause—one in this case and one in the 1313 case. It is unclear to the Court why Plaintiff is pursuing these cases in tandem.

[2] "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters Inc.*, 399 F.3d at 1052, *quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

Nevertheless, the Court will GRANT IN PART Plaintiff's request for an extension of time to respond. Plaintiff shall file a response to the Order to Show Cause no later than **February 17, 2017**.

IT IS SO ORDERED.

    Dated:   **December 20, 2016**          /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE