1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STU SHERMAN,<br><br>　　　　　Defendant. | Case No. 1:16-cv-01312-EPG (PC)<br><br>**ORDER DISMISSING CASE AS BARRED BY RES JUDICATA**<br><br>**ORDER FOR CLERK TO CLOSE CASE**<br><br>(ECF No. 1.) |

## I.   BACKGROUND

Plaintiff Norman Gerald Daniels, III is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was denied access to the law library at his institution because Defendant Stu Sherman, the Warden of the institution, declined to make the accommodations Plaintiff requested to make the computers in the law library more accessible.

Plaintiff filed the Complaint commencing this action on September 6, 2016. (ECF No. 1.) The Complaint alleges facts that are substantially similar to those in a complaint Plaintiff filed on April 9, 2012 in *Daniels v. Allison*, Case No. 1:12-cv-00545-LJO-GSA, which was dismissed with prejudice on February 21, 2014. The facts are also similar to those in a second

1  complaint Plaintiff filed on September 6, 2016 in *Daniels v. Sherman*, Case No. 1:16-cv-

2  01313-EPG (the "1313 case"). The 1313 case was related to this case on October 21, 2016.

3          On October 17, 2016, the Court issued an Order to Show Cause why this action should

4  not be dismissed as barred by the doctrine of *res judicata*. The Court provided Plaintiff two

5  extensions of time to respond to the Order to Show Cause and his response was due on

6  February 17, 2017. The Court provided Plaintiff with an explanation of the *res judicata*

7  doctrine and also explained what Plaintiff should do to respond to the Order to Show Cause.

8  (ECF No. 13.) Plaintiff did not file a response to the Order to Show Cause in this case, although

9  he did file a response to a parallel order to show cause in the 1313 case and referenced this case

10  therein. The Complaint is now before the Court for screening.

11          On October 6, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action

12  pursuant to 28 U.S.C. § 636(c) and no other parties have made an appearance. (ECF No. 8.)

13  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of

14  California, the undersigned shall conduct any and all proceedings in the case until such time as

15  reassignment to a District Judge is required.  Local Rule Appendix A(k)(4).

16  **II.    SCREENING REQUIREMENT**

17          The Court is required to screen complaints brought by prisoners seeking relief against a

18  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

19  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

20  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

21  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

22  § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

23  paid, the court shall dismiss the case at any time if the court determines that the action or

24  appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

25          A complaint is required to contain "a short and plain statement of the claim showing

26  that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

27  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

28  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

2

1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. *Id.*

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *quoting Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976).

## III.   SUMMARY OF ALLEGATIONS

### A.  Plaintiff's Complaint in *Daniels v. Allison*, Case No. 1:12-cv-00545-LJO-GSA (the "545 Case")

In an amended complaint filed on January 10, 2013, Plaintiff alleged that he was incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California ("SATF"). Plaintiff named, among other defendants, Kathleen Allison, the acting warden of SATF. He alleged that the computers in the prison law library had not been modified to make them accessible to disabled inmates. In particular, Plaintiff wanted the law library computers to use software that would magnify the text in Microsoft Word. Plaintiff alleged that the current magnifying device, an Optelec magnifier with dictation capabilities, was not an adequate accommodation for vision-impaired inmates. Plaintiff asked that, among other things, all inmate accessible computers be "loaded with the appropriate software as to allow access to visually impaired inmates," that all prison staff "be required to take se[n]sitivity training," that printer ink and paper be given to disabled inmates at their wholesale cost, and that computers be made available to disabled inmates during all non-emergency situations.  Plaintiff also asked for ten million dollars in compensatory damages.

On September 19, 2013, the assigned Magistrate Judge issued findings and recommendations recommending that the amended complaint be dismissed for failure to state a claim. The Magistrate Judge identified potential claims arising out of the Americans with

Disabilities Act, the due process clause of the Fourteenth Amendment, and denial of access to courts. After analyzing each of these respective theories, however, the Magistrate Judge found that Plaintiff had failed to state any claims and recommended that the case be dismissed. Plaintiff filed objections to the Findings and Recommendations. On February 21, 2014, the District Judge assigned to the case adopted the Findings and Recommendations in full, dismissed the case with prejudice, and found that the dismissal should constitute a strike under the "three-strikes" provision in 28 U.S.C. § 1915(g). Final judgment was entered in the case shortly thereafter.

### B.  The Instant Complaint

In his Complaint filed on September 6, 2016, Plaintiff alleges that he is incarcerated at SATF and is legally blind. He notes that he previously filed a complaint on "this same issue, but failed to state a claim." The sole named defendant in the Complaint is Stu Sherman, the current warden of SATF. He alleges that the computers in the prison law library do not provide him equal and effective access to the courts. In particular, he contends that the library should install software that magnifies the computer screen and adds dictation capabilities. Plaintiff also alleges that the prison workers who are assigned to assist him "are nearly illiterate and cannot even follow simple instructions without some form of complications." (Complaint 5:16-18, ECF No. 1.) Plaintiff asks for relief in the form of a court order requiring the prison to place the appropriate software on all computers, to allow blind inmates to have access to accessible computers in their housing units, that paper and ink be sold to inmates at cost, and that all CDCR personnel take disability sensitivity training. Plaintiff also requests ten million dollars in compensatory damages.

### C.  Plaintiff's Response to the Order to Show Cause

Plaintiff filed a response to the Order to Show Cause in the 1313 case. The response is labeled with the case number in the 1313 case, but it references this case. In the response, Plaintiff recounts the allegations in his complaint and explains the history of his disability and litigation surrounding that disability. Plaintiff suffered an injury to his left eye and then had

4

surgery on both eyes, which left his vision in very poor condition. The circumstances surrounding this injury are the subject of a case in Kings County Superior Court.

Plaintiff arrived at SATF in 2010 and immediately grieved several accessibility issues, including an accessibility issue with an ADA computer. These grievances, he explains, "are just the beginning of my complaint here." Plaintiff filed a grievance asking the prison to place accessibility software on the legal computers, but the prison did not comply. He also filed a request for a magnifying glass to keep in his cell. This request is the subject of a case that is currently pending, *Daniels v. Sherman*, Case No. 1:13-cv-00202-AWI-SAB (the "202 case").

Plaintiff explains that he attempted to file an amended complaint in the 202 case that includes the issues he brings in this case, but was unable to do so:

> This case and the current case are dealing with the same issues of access to Court, but in the case above, I attempted to run this case and the above case together as they both contain the same issue of discrimination. I was denied a Second Amended Complaint in regard to this case and thus my placing this case before the Court.[1]

(1313 Case, ECF No. 17.)

Plaintiff also recounts a variety of difficulties he has had in visiting the law library. For example, Plaintiff was unable to visit the library for some time because he was enrolled in vocational classes that conflicted with library hours. A state budget crisis in 2011 resulted in cut backs in the number of library technicians to assist him in the library. Plaintiff also discusses, at length, the services that the inmate assistants working in the library provide. He explains that now, because of his continued efforts to file grievances and litigate his issues, he has "a better understanding of what the Court requires from me as far as stating a complaint." *Id.* He concludes by stating this case "is a whole new case for these reasons":

> a.) I am legally blind and have suffered damages due to my disability and the prison's failure to adhere to the consent decree.

_____

[1] The docket of the 202 case reflects that Plaintiff's motion to amend the complaint was denied because the amendment would be futile. The amendment, the Court found, was an attempt to re-litigate issues that had already been decided in the 545 Case and the state case: "In addition to attempting to re-litigate claims screened out in this case, Plaintiff seeks to re-open two prior cases that have been resolved. Plaintiff provides no basis for doing so. The Court is without jurisdiction to disturb those cases. To the extent he wishes to re-open those cases, he must seek relief in those respective cases, not in this case." (202 Case, ECF No. 58.)

Since, by the nature of my complaint and by the inability to meaningfully access the courts, I meet the Extraordinary Circumstances rule.

b.) By virtue of my disability, have not been able to access the courts as the prison is continually denying my requests for equal and effective access. I have placed new complaint issues on top of what has already been raised. I am also about to fail a current case due to my inability to meaningfully access the courts because the State of California will not adhere to the Federal Guidelines as outlined in Title II – § 508 – Electronic devices. Where all entities who have Federal funding must ensure that all electronic devices have more than one accessibility function working on them.

c.) I have suffered deprivation of my civil rights on purpose. I am claiming that the prison's staff are contorting the Armstrong Remedial Plan as to best serve the State's interest, and because of that purposeful deprival, I am complaining.

*Id.*

## IV.   DISCUSSION

### A.  Legal Standards

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).[2] Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or persons in privity with them from litigating the same claim that was raised in that action and all claims arising out of the same transaction or occurrence. *See Taylor*, 128 S.Ct. at 2171; Rest.2d Judgments § 18. "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052, *quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). "[T]he doctrine of *res judicata* (or claim preclusion) 'bars all grounds for recovery which *could have been* asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982), *quoting Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980) (emphasis added).

When determining, for *res judicata* purposes, whether a present dispute concerns the same claims as did prior litigation, the Ninth Circuit considers: "(1) whether rights or interests

---

[2] The Supreme Court has clarified that the terms "claim preclusion" and "issue preclusion" are collectively referred to as "res judicata." *Taylor v. Sturgell*, 128 S.Ct. 2161, 2171 (2008).

established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts," which is the most important factor. *Headwaters, Inc.*, 399 F.3d at 1052.

The related doctrine of collateral estoppel, or issue preclusion, provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *U.S. v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008), *quoting Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Both doctrines apply to criminal and civil proceedings, and both require privity between the parties. *Bhatia*, 545 F.3d at 759, *citing U.S. v. Cejas*, 817 F.2d 595, 598 (9th Cir. 1987) and *see In re Schimmels*, 127 F.3d at 881 (noting that, under *res judicata*, "parties or their privies" may be bound by a prior judgment); *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (9th Cir. 1980) (requiring identity or privity between parties for collateral estoppel to apply).

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416, 120 S.Ct. 2304, 2318 (2000), provided that the parties have an opportunity to be heard prior to dismissal. *Headwaters, Inc.*, 399 F.3d at 1055. "As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'" *Id.* at 1054-1055, *quoting Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n. 1 (9th Cir. 1958).

## B. Analysis

The present action, Case No. 1:16-cv-01312-EPG, appears to be substantially identical to the previously dismissed case, Case No. 1:12-cv-00545-LJO-GSA. As laid out above, the allegations all arise out of the same nucleus of facts and allege violations of the same right. Plaintiff alleges that he is being denied access to the court system because his institution has failed to make the appropriate accommodations to his disability in its law library. In particular,

both cases are based on the institution's failure to make a series of requested accommodations involving law library computers for disabled inmates. In both cases, Plaintiff alleges the same accommodations have been denied. And in both cases, he asks for the same relief. Even if Plaintiff's theory of Defendant's conduct has evolved or arises out of a continuing series of conduct, the claims still constitute the "same claim" for the purposes of claim preclusion because they arise out of the same core of conduct. *Stavrinides v. PG&E*, Case No. C 16-00433 WHA, 2016 WL 3345426, at *1 (N.D. Cal. June 16, 2016) ("Res judicata thus precludes claims that could have been raised in the previous action but were not."), *citing Hiser v. Franklin*, 94 F.3d 1287, 1290-91 (9th Cir. 1996); *Pedrina v. Chun*, 906 F.Supp. 1377, 1400 (D. Haw. 1995) ("a plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct that was not alleged in his prior action or by pleading a new legal theory."), *citing McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

Moreover, final judgment was entered in the original case after it was dismissed for failure to state a claim. Plaintiff appears to acknowledge both of these facts in his response to the Order to Show Cause; he states that he was trying to amend his complaint in the 202 Case to include the allegations from the 545 Case. When he was unable to do so because the court in the 202 Case determined that he was attempting to re-litigate the dismissed claims from the 545 Case, he simply placed the allegations in a new complaint form and filed it as a new case—this case. The Court has reviewed the dismissal order in the 545 Case and finds that it constituted final judgment of the asserted claims. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies."), *quoting Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981).

The Court also finds there is privity between the parties. Both complaints were filed by the same plaintiff, Norman Daniels. The defendant in the 545 Case, Katherine Allison, is different than the defendant in the present case, Stu Sherman, but both defendants were named because of their positions as Warden of SATF. Because Plaintiff's claims in both cases are premised on the position that Allison and Sherman held, their interests in the litigation are

1   identical. *Headwaters Inc.*, 399 F.3d at 1052-53 ("Privity . . . is a legal conclusion 'designating

2   a person so identified in interest with a party to former litigation that he represents precisely the

3   same right in respect to the subject matter involved.'"), *quoting In re Schimmels*, 127 F.3d 875,

4   881 (9th Cir. 1997).

5         Based on this analysis, the Court finds that the doctrine of *res judicata* prohibits the re-

6   litigation of Plaintiff's claims against him in the present case 1:16-cv-01312-EPG, which were

7   previously decided on their merits in case 1:12-cv-00545-LJO-GSA.  The action should thus be

8   dismissed with prejudice.[3] As Plaintiff was advised in the 202 Case, he may only seek relief

9   from a final judgment in the 545 Case through a motion (presumably under Rule 60(b) of the

10  Federal Rules of Civil Procedure) or appeal of the 545 Case. A new complaint (or complaints)

11  is not the appropriate vehicle to reverse a decision in a prior case. *Watts v. Pinckney*, 752 F.2d

12  406, 410 (9th Cir. 1985) ("Res judicata does not preclude a litigant from making a direct attack

13  [under Rule 60(b)] upon the judgment before the court which rendered it."), *quoting Jordan v.*

14  *Gilligan*, 500 F.2d 701, 710 (6th Cir. 1974).

15  **V.   ORDER**

16        The Court finds that Plaintiff's Complaint (ECF No. 1) is barred by the doctrine of *res*

17  *judicata* and thus fails to state a claim upon which relief may be granted. Accordingly, IT IS

18  HEREBY ORDERED that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action

19  is DISMISSED with prejudice. The Clerk of the Court is DIRECTED to close this case.

20

21  IT IS SO ORDERED.

22      Dated:   __March 10, 2017__          /s/ Erica P. Grosjean

23                                         UNITED STATES MAGISTRATE JUDGE

24

25

26

27  [3] Given the Court's ruling, it need not evaluate the related issue of collateral estoppel.  Moreover, the Court finds
    that *res judicata* is the more appropriate doctrine because this concerns similar if not identical cases rather than

28  individual issues in otherwise different cases.