UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III,<br><br>Plaintiff,<br><br>v.<br><br>STU SHERMAN,<br><br>Defendant. | Case No. 1:16-cv-01312-LJO-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS AS BARRED BY DOCTRINE OF RES JUDICATA**<br><br>(ECF No. 1)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

**I.     BACKGROUND**

Norman Gerald Daniels, III ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was denied access to the law library at his institution because Stu Sherman ("Defendant"), in his official capacity as Warden of California Substance Abuse Treatment Facility in Corcoran, California ("SATF"), declined to make the computers in the law library more accessible.

Plaintiff filed the Complaint commencing this action on September 6, 2016. (ECF No. 1). The Complaint alleges facts that are substantially similar to those alleged in *Daniels v. Allison* (the "545 Action"), which was dismissed by District Judge Lawrence J. O'Neill with prejudice on February 21, 2014. *See* First Amended Complaint, Case No. 1:12-CV-00545-LJO-GSA (E.D. Cal. Jan. 10, 2013), ECF No. 25; *Daniels v. Allison*, No. 1:12-CV-00545-LJO-GS, 2013 WL

1

5305744 (E.D. Cal. Sept. 19, 2013), *adopted by Daniels v. Allison*, No. 1:12-CV-00545 LJO (E.D. Cal. Feb. 21, 2014), ECF Nos. 26, 33.

On October 17, 2016, the Court issued an Order to Show Cause why this action should not be dismissed as barred by the doctrine of res judicata. (ECF No. 9).The Court provided Plaintiff two extensions of time to respond to the Order to Show Cause and his response was due on February 17, 2017. (ECF Nos. 11, 13). The Court provided Plaintiff with an explanation of the res judicata doctrine, and explained what Plaintiff should do to respond to the Order to Show Cause. (ECF No. 13.) Plaintiff did not file a response to the Order to Show Cause in this case.[1]

On March 10, 2017, the Court screened the Complaint, and dismissed it as barred by the doctrine of res judicata. (ECF No. 14). Plaintiff filed an appeal. (ECF No. 16). On March 19, 2018, the Ninth Circuit vacated the screening order and remanded the case to the district court, finding that the Court lacked jurisdiction to dismiss the Complaint, under *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017), because not all named parties had consented to the Magistrate Judge's jurisdiction. (ECF Nos. 21, 24).

The Complaint is again before the Court for screening. As described below, the Court recommends that the assigned district judge dismiss this action as Plaintiff's claims are barred by the doctrine of res judicata. Plaintiff may file objections to the findings and recommendations within twenty-one days of service thereof.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis*, (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any

---

[1] Plaintiff did file a response to an Order to Show Cause in another case before this Court. *See Daniels v. Sherman*, Case No. 1:16-cv-01313-EPG (E.D. Cal. Jan. 17, 2017), ECF No. 17.

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### III.    SUMMARY OF ALLEGATIONS IN THE COMPLAINT

In his Complaint, Plaintiff alleges that he is incarcerated at SATF, and is legally blind. (ECF No. 1). The sole named defendant in the Complaint is Stu Sherman, the current warden of SATF. Plaintiff alleges that the computers in the prison law library do not provide him equal and effective access to the courts. In particular, he contends that the library should install software that magnifies the computer screen and adds dictation capabilities. Plaintiff also alleges that the prison workers who are assigned to assist him "are nearly illiterate and cannot even follow simple instructions without some form of complications." Plaintiff asks for relief in the form of a court order requiring the prison to place certain software on all computers, to allow blind inmates to have access to accessible computers in their housing units, that paper and ink be sold to inmates at cost, and that all CDCR personnel take disability sensitivity training. Plaintiff also

3

requests ten million dollars in compensatory damages. He further notes that he previously filed a complaint on "this same issue, but failed to state a claim."

## IV. SUMMARY OF THE PRIOR 545 ACTION

In his first amended complaint in the 545 Action, Plaintiff alleged that he was incarcerated at SATF. Plaintiff named, among other defendants, Katherine Allison ("Allison"), the then acting warden of SATF. *See* First Amended Complaint, Case No. 1:12-cv-00545-LJO-GSA (E.D. Cal. Jan. 10, 2013), ECF Nos. 25. He similarly alleged that the computers in the prison law library had not been modified to make them accessible to disabled inmates. In particular, Plaintiff wanted the law library computers to use software that would magnify the text in Microsoft Word. Plaintiff alleged that the current magnifying device, an Optelec magnifier with dictation capabilities, was not an adequate accommodation for vision-impaired inmates. Plaintiff asked that, among other things, all inmate accessible computers be "loaded with the appropriate software as to allow access to visually impaired inmates," that all prison staff "be required to take se[n]sitivity training," that printer ink and paper be given to disabled inmates at their wholesale cost, and that computers be made available to disabled inmates during all non-emergency situations. Plaintiff also asked for ten million dollars in compensatory damages.

On September 19, 2013, the assigned magistrate judge in that case issued findings and recommendations recommending that the amended complaint be dismissed for failure to state a claim. *Daniels v. Allison*, No. 1:12-CV-00545-LJO-GS, 2013 WL 5305744 (E.D. Cal. Sept. 19, 2013), ECF No. 26. The magistrate judge identified potential claims arising out of the Americans with Disabilities Act, the due process clause of the Fourteenth Amendment, and denial of access to courts. *Id.* After analyzing each of these respective theories, however, the magistrate judge found that Plaintiff had failed to state any claims and recommended that the case be dismissed. *Id.* Plaintiff filed objections to the findings and recommendations. *See* Objections to Findings and Recommendations, *Daniels v. Allison*, No. 1:12-CV-00545-LJO-GS, 2013 WL 5305744 (E.D. Cal. Jan. 13, 2014), ECF No. 32. On February 21, 2014, the assigned district judge (who is also the District Judge in this case, Judge O'Neill) adopted the findings and recommendations in full, dismissed the case with prejudice, and found that the dismissal should constitute a strike

4

under the "three-strikes" provision in 28 U.S.C. § 1915(g). *See* Order Adopting Findings and Recommendations, *Daniels v. Allison*, No. 1:12-CV-00545 LJO (E.D. Cal. Feb. 21, 2014), ECF No. 33. Final judgment was entered in the case shortly thereafter. Judgment, *Daniels v. Allison*, No. 1:12-CV-00545 LJO (E.D. Cal. Feb. 21, 2014), ECF No. 34.

## V.   DISCUSSION

### A.  Legal Standards

The doctrine of res judicata[2] bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or persons in privity with them from litigating the same claim that was raised in that action and all claims arising out of the same transaction or occurrence. *See Taylor v. Sturgell*, 128 S.Ct. 2161, 2171 (2008); Rest.2d Judgments § 18. "The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of [claim preclusion] 'bars all grounds for recovery which *could have been* asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)) (emphasis added).

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal. *Headwaters, Inc.*, 399 F.3d at 1055. "As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds 'where the records of that court show that a

---

[2] The Supreme Court has clarified that the terms "claim preclusion" and "issue preclusion" are collectively referred to as "res judicata." *Taylor v. Sturgell*, 128 S.Ct. 2161, 2171 (2008).

5

previous action covering the same subject matter and parties had been dismissed.'" *Id.* at 1054-1055(quoting *Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n. 1 (9th Cir. 1958)).

### B. Analysis

Plaintiff's claims are barred by the doctrine of claim preclusion. First, the present action concerns the same claims as those in the 545 Action. When determining whether a latter litigation concerns the same claims as a former litigation, the Ninth Circuit considers: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts," which is the most important factor. *Headwaters, Inc.*, 399 F.3d at 1052.

As laid out above, the allegations in this action all arise out of the same nucleus of facts and allege violations of the same right as those in the 545 Action. Both cases are based on SATF's failure to make a series of requested accommodations involving law library computers for disabled inmates. In particular, Plaintiff alleges that he is being denied access to the court system because SATF has failed to make the appropriate accommodations to his disability in its law library. In both cases, Plaintiff alleges the same accommodations have been denied. And in both cases, he asks for the same relief. Thus, the claims constitute the "same claim." *Stavrinides v. PG&E*, Case No. C 16-00433 WHA, 2016 WL 3345426, at *1 (N.D. Cal. June 16, 2016) ("Res judicata thus precludes claims that could have been raised in the previous action but were not.") (citing *Hiser v. Franklin*, 94 F.3d 1287, 1290-91 (9th Cir. 1996)); *Pedrina v. Chun*, 906 F.Supp. 1377, 1400 (D. Haw. 1995) ("a plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct that was not alleged in his prior action or by pleading a new legal theory.") (citing *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986)).

Second, a final judgment on the merits has been entered on the claims alleged in this action. The 545 Action was dismissed for failure to state a claim, and final judgment was entered on February 21, 2014. *See Daniels v. Allison*, No. 1:12-CV-00545 LJO (E.D. Cal. Feb. 21, 2014), ECF No. 34. Thus, it constitutes a final judgment on the merits of the asserted claims. *See*

*Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies.") (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981)).

Third, there is privity between the parties. Parties are in privity when a party to the latter litigation is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters Inc.*, 399 F.3d at 1052-53 (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)); *see also Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (finding that unserved defendants named in a complaint are "parties" to the action). "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the [government] is res judicata in relitigation of the same issue between that party and another officer of the government." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03(1940)).

Here, Katherine Allison, the defendant in the 545 Action, and Stu Sherman, the defendant in this action, are identified in interest. Allison and Sherman were both government employees, serving as a warden for SATF. Plaintiff's claims in both cases are premised on Allison and Sherman's position as warden. In fact, Sherman is sued in this action in his official capacity. Thus, Sherman represents precisely the same right as Allison with respect to the subject matter of this action. *See Brooks v. Alameida*, 446 F.Supp.2d 1179, 1183 (S.D. Cal. Aug. 11, 2006) (privity existed between prison officials where parties in the present suit held the same positions and stood in the same relation to the inmate-plaintiff as those in the earlier suit); *see also Hutchison v. California Prison Indus. Auth.*, No. 13-cv-04635-CW, 2015 WL 179790, at *3-4 (N.D. Cal. Jan. 14, 2015) (privity existed between state prison system employees who were employed by same state agencies and engaged in the same conduct).

Based on this analysis, the Court concludes that the doctrine of claim preclusion prohibits the re-litigation of the claims in the present case as they were previously decided on their merits in the 545 Action. The action should thus be dismissed with prejudice.

## VI. CONCLUSION AND RECOMMENDATION

Based on this analysis, the Court concludes that the doctrine of claim preclusion prohibits the re-litigation of the claims alleged in this action as they were decided on the merits in a previous case. Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 17, 2018**         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE